IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Ronald A. Hatcher, Sr., et al., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v.  : | CIVIL ACTION NO. |
| : | 1:12-cv-01177-JOF |
| Fulton County, Georgia School : | |
| District, et al., | |
| : | |
| Defendants. : | |

## ORDER

This matter is before the court on Defendant Boyd's motion to dismiss [25]; Defendants' motion to dismiss [26]; and Defendants' motion for leave to file excess pages [27].

Plaintiffs, Ronald A. Hatcher, and Arthalia D. Hatcher, individually and as administrators of the Estate of Aaron Christian Hatcher, filed suit against Defendants in the State Court of Fulton County on March 1, 2012. Defendants removed the suit to this court on April 5, 2012.[1] Some Defendants filed a pre-answer motion to dismiss. Plaintiffs

---

[1] Defendants are Fulton County School District; Robert Avossa, the current Superintendent of the Fulton County School District; Linda Schultz, President of the Fulton County School Board; Linda Bryant, Vice President of the Fulton County School Board, Katie Reeves, member of the Fulton County School Board; Gail Dean, member of the Fulton County School Board; Linda McCain, member of the Fulton County School Board; Catherine Maddox, member of the Fulton County School Board; Julia Bernath, member of the Fulton County School Board; Dr. Vickie Perdue Scott, Executive Director for Exceptional Children for the Fulton County School District; Paula Merritt, Special

responded to those motions and also filed an Amended Complaint on May 2, 2012. Defendants refiled their motions to dismiss and this order addresses those re-filed motions. In an order dated October 18, 2012, the court denied as moot the initial motions to dismiss and considered only those filed after the Amended Complaint.

The court's prior order reviewed in detail the tragic allegations made by Plaintiffs, Ronald and Arthalia Hatcher, the parents of Aaron Christian Hatcher. *See* Order, Docket Entry [23], at 2-11. For the purposes of context, the court summarizes that Aaron was a special education student in the Fulton County School District at Hopewell Middle School from 2004-2007 and at Roswell High School from 2007-2010. Aaron suffered from cerebral palsy, muscular dystrophy, and other disabilities. Because of these disabilities, Aaron could not walk or talk and had other serious developmental issues that rendered him unable to care for himself and required that he be provided constant care and supervision.

Plaintiffs allege that during his time at both schools, Aaron was physically and emotionally abused by two special education teachers. Aaron died on March 19, 2011, and

---

Education Liaison with the Fulton County School District; Dorothy A. Pettes, Special Education Coordinator for the Fulton County School District; Dr. Edward Spurka, Principal of Roswell High School; Frances Boyd, Principal of Hopewell Middle School; Michael Vanairsadale, former Superintendent of Fulton County School District; James Wilson, former Superintendent of Fulton County School District; Cindy Loe, former Superintendent of Fulton County School District; Melanie Pickens, Special Education teacher at Hopewell Middle School; and Katherine Dorn Durden, Special Education teacher at Roswell Middle School.

2

Plaintiffs allege some link between his death and the abuse he suffered at Roswell High School.

In their Amended Complaint, Plaintiffs raised numerous claims under state and federal law. Defendants filed motions to dismiss alleging various deficiencies with respect to Plaintiffs' complaint and Plaintiffs responded. In its order, the court noted that in many places, Plaintiffs' complaint was so vague as to render it difficult for the court to determine the bases for the causes of action. *See* Order, Docket Entry [23], at 13. Given the state of the complaint, the court found that the best course of action was

*Id.* at 14 (emphasis added).

> to adjudicate those certain claims that can be resolved at this stage and then direct Plaintiffs to file an amended complaint addressing the deficiencies noted by the court. ***The court further states that it will not discuss issues related to the state law causes of action because it is not clear that any of Plaintiffs' federal claims will survive Defendants' motions to dismiss. If no federal claims remain, the court intends to decline to exercise supplemental jurisdiction over the state law claims.***

The court then proceeded to discuss the federal claims raised by Plaintiffs in their Amended Complaint: First Amendment, Eighth Amendment, Substantive Due Process under the Fourteenth Amendment, Equal Protection, and federal statutory claims under the Individuals with Disabilities Education Act ("IDEA"), the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act. *Id.* at 15-24.

3

The court held that Plaintiffs had abandoned their First and Eighth Amendment claims and that Plaintiffs did not sufficiently allege a substantive due process claim as explained in *T.W. ex rel. Wilson v. School Board of Seminole County*, 610 F.3d 588 (11th Cir. 2010). The court also determined that Plaintiffs had not stated a claim under the Equal Protection Clause and had not exhausted their administrative remedies under the federal statutory claims. The court permitted Plaintiffs another opportunity to amend their complaint. *See* Order, Docket Entry [23], at 25.

Plaintiffs then filed a Second Amended Complaint and Defendants filed the instant motions to dismiss. In their Second Amended Complaint, Plaintiffs list the following causes of action:

- Assault & battery – Pickens (Count I)

- Assault & battery – Durden (Count II)

- False imprisonment – Pickens (Count III)

- False imprisonment – Durden (Count IV)

- Intentional infliction of emotional distress – Pickens (Count V)

- Intentional infliction of emotional distress – Durden (Count VI)

- Negligent hiring and retention of Pickens – All Defendants (Count VII)
- Negligent hiring and retention of Durden – All Defendants (Count VIII)

- Respondeat Superior – Pickens (Count IX)

4

- Respondeat Superior – Durden (Count X)

- Violations of other Georgia laws (Count XI)

- Negligence (Count XII)

- Attorney's Fees (second Count XII)

- Punitive damages (misnumbered Count XXIII)

As the list demonstrates, there are no federal causes of action pled in Plaintiffs' Second Amended Complaint. In Paragraph 1 of the Second Amended Complaint, Plaintiffs do recite that they are "vested by Georgia law with this cause of action for multiple intentional torts, negligence, violations of basic rights guaranteed to them by the United States Constitution and the Georgia Constitution, as well as rights specifically afforded to them by Statutes of the United States and the State of Georgia." *See* Second Am. Cmplt., ¶ 1. However, this mere recitation does not actually allege any federal causes of action.

Similarly, Paragraph 3 states that "jurisdiction is also granted to this Honorable Court pursuant to 42 U.S.C.A. § 1983, because all the acts and omissions of the Defendants complained of by the Plaintiffs were committed by each Defendant while acting in their capacity as employees of a political subdivision of the State of Georgia (i.e. Defendant Fulton County, Georgia School District) and therefore were under the color of Georgia state law." *Id.*, ¶ 3. Plaintiffs further state that Defendants had a duties under federal law because of their positions as public school educators and administrators. *Id.*

5

However, section 1983 is not a substantive cause of action. Section 1983 is a vehicle by which plaintiffs may raise federal constitutional claims. Here, the court rejected the federal constitutional claims alleged by Plaintiffs in their Amended Complaint and Plaintiffs have raised no federal constitutional claims in their Second Amended Complaint. An incantation of the words "section 1983" is not a sufficient basis upon which to make a claim for federal jurisdiction.

The court does note that in response to Defendant Boyd's motion to dismiss, Plaintiffs argue that they need discovery in order to adequately state a substantive due process claim. That is not the manner in which federal litigation is conducted. Plaintiffs are not permitted to engage in the discovery process with defendants until plaintiffs can adequately state a cause of action under Federal Rule of Civil Procedure 8(a) and its attendant case law, such as *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). The court has determined that Plaintiffs have not adequately stated any federal causes of action and therefore, Plaintiffs are not entitled to any discovery.

The court was clear in its previous order that it would not retain supplemental jurisdiction over state law claims alleged by Plaintiffs if no federal causes of action remained after adjudication of Defendants' motions to dismiss. In the court's October 18, 2012, order, the court held that each of the federal causes of action alleged by Plaintiffs was

6

deficient in some manner or another. The court allowed Plaintiffs one more opportunity to adequately state a federal cause of action. In their Second Amended Complaint, Plaintiffs do not even attempt to articulate a federal cause of action. Thus, there is no basis for federal question jurisdiction.

The court does not diminish the seriousness of Plaintiffs' factual allegations and the tragic circumstances surrounding those allegations. However, Plaintiffs have raised numerous state law causes of action that will require the adjudication of specific state law immunity defenses. The court does not find it appropriate under theses circumstances for a federal court to adjudicate these claims in the absence of federal causes of action. Therefore, the court GRANTS Defendants' motions to dismiss to the extent they argue that Plaintiffs have failed to articulate a federal cause of action. The court finds no basis for federal question jurisdiction and to the extent any federal jurisdiction ever existed, the court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims.

**Conclusion**

The court GRANTS IN PART AND DENIES IN PART Defendant Boyd's motion to dismiss [25]; GRANTS IN PART AND DENIES IN PART Defendants' motion to dismiss [26]; and GRANTS Defendants' motion for leave to file excess pages [27].

The Clerk of the Court is DIRECTED to DISMISS WITHOUT PREJUDICE Plaintiffs' complaint.

AO 72A
(Rev.8/82)

**IT IS SO ORDERED** this 12th day of February, 2013.


   S/   J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE